UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ )<br>PATRICK AMBROSE, et al., )<br> )<br>       Plaintiff, )<br>v. )<br> )<br>TOWN OF DANVERS, et al., )<br> )<br>       Defendants. )<br>_____) | CIVIL ACTION NO.: 05-CV-10329-DPW |

**DEFENDANTS' ANSWER AND JURY DEMAND**

Pursuant to Fed. Rs. Civ. P. 8 and 12, Defendants The Town of Danvers and Danvers Police Department ("Defendants") answer Plaintiffs Patrick Ambrose et al.'s ("Plaintiffs") Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

1.    Paragraph 1 of the Complaint does not require an answer because it does not set forth factual averments.

2.    Paragraph 2 of the Complaint does not require an answer because it contains legal conclusions.

3.    Paragraph 3 of the Complaint does not require an answer because it contains legal conclusions.

4.    Paragraph 4 of the Complaint does not require an answer because it contains legal conclusions. To the extent an answer is required, Defendants deny the averments.

5. Defendants admit the averments of paragraph 5 of the Complaint.

6. Defendants admit that documents have been filed with the Court which are captioned "Consent as Party Plaintiff" which appear to contain the signatures of each of the Plaintiffs.

7. Paragraph 7 of the Complaint does not require an answer because it contains legal conclusions.

8. Defendants admit the averments in paragraph 8 of the Complaint.

9. Defendants admit the averments in the first clause of paragraph 9 of the Complaint. Defendants further answer that the second clause of paragraph 9 of the Complaint does not require an answer because it contains a legal conclusion.

10. Defendants admit the averments in paragraph 10 of the Complaint. Defendants further answer that the document referenced in paragraph 10 of the Complaint speaks for itself. Any characterization of the document which is inconsistent with and/or contrary to the document is denied.

11. Defendants admit the averments in paragraph 11 of the Complaint. Defendants further answer that the document referenced in paragraph 11 of the Complaint speaks for itself. Any characterization of the document which is inconsistent with and/or contrary to the document is denied.

12. Defendants admit the averments in paragraph 12.

13. The document referenced in paragraph 13 of the Complaint speaks for itself. Any characterization of the document which is inconsistent with and/or contrary to the document is denied.

14. Defendants admit the averments in paragraph 14.

15. The document referenced in paragraph 15 of the Complaint speaks for itself. Any characterization of the document which is inconsistent with and/or contrary to the document is denied.

16. Defendants admit the averments in paragraph 16.

17. The document referenced in paragraph 17 of the Complaint speaks for itself. Any characterization of the document which is inconsistent with and/or contrary to the document is denied.

18. Defendants admit the averments in paragraph 18.

19. The document referenced in paragraph 19 of the Complaint speaks for itself. Any characterization of the document which is inconsistent with and/or contrary to the document is denied.

20. Defendants admit the averments in paragraph 20.

21. Defendants admit the averments in the first sentence of paragraph 20 of the Complaint. Defendants deny the remaining averments in paragraph 21 of the Complaint.

22. Defendants deny the averments in paragraph 22of the Complaint.

23. Defendants admit the averments in paragraph 23.

24. The document referenced in paragraph 24 of the Complaint speaks for itself. Any characterization of the document which is inconsistent with and/or contrary to the document is denied.

25. Defendants deny the averments in paragraph 25of the Complaint.

26. The document referenced in paragraph 26 of the Complaint speaks for itself. Any

characterization of the document which is inconsistent with and/or contrary to the document is denied.

27. Defendants admit the averments in paragraph 27.

28. Defendants deny the averments in paragraph 28 of the Complaint.

29. Defendants deny the averments in paragraph 29 of the Complaint.

30. Defendants deny the averments in paragraph 30 of the Complaint.

*Count I ("failure to pay for hours worked")*

31. Defendants incorporate by reference their answers to paragraphs 1 through 30 of the Complaint.

32. Paragraph 32 of the Complaint states legal conclusions which do not require answers. To the extent answers are required, Defendants deny the averments in paragraph 32of the Complaint.

33. Paragraph 33 of the Complaint states legal conclusions which do not require answers. To the extent answers are required, Defendants deny the averments in paragraph 33 of the Complaint.

*Count I ("failure to pay for hours worked")*

34. Defendants incorporate by reference their answers to paragraphs 1 through 33 of the Complaint.

35. Paragraph 35 of the Complaint states legal conclusions which do not require answers. To the extent answers are required, Defendants deny the averments in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint states legal conclusions which do not require

answers. To the extent answers are required, Defendants deny the averments in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint does not require an answer because it does not set forth any factual averments.

38. Paragraph 38 of the Complaint does not require an answer because it does not set forth any factual averments.

### THIRD DEFENSE

Some or all of Plaintiffs' claims are barred by the statute of limitations.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of ratification.

### SEVENTH DEFENSE

Defendants have at all times acted in good faith with reasonable belief that their actions were in compliance with all relevant laws and regulations.

### EIGHTH DEFENSE

Plaintiffs' claims are barred for failure to follow the grievance procedures contained in the collective bargaining agreements entered into by and between the parties.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Section 15(b) of the Fair Labor

Standards Act, as amended by section 5 of the Portal-to-Portal Act, as a representative action since one or more named Plaintiffs did not consent to become a party.

## TENTH DEFENSE

One or more named Plaintiffs have not consented to become parties to this action.

## ELEVENTH DEFENSE

Any act or omission by Defendants giving rise to this action was in good faith, and Defendants at all times had reasonable grounds for believing that its acts of omissions were not violations of the Fair Labor Standards Act, and Defendants have otherwise met the standards for an affirmative defense set forth in Section 11 of the Portal-to-Portal Act.

## TWELFTH DEFENSE

Any act or omission by Defendants later determined to be in violation of the Fair Labor Standards Act was not a willful act or omission.

## THIRTEENTH DEFENSE

Presently and at all times during the period of time within the applicable statute of limitations, Defendants have operated a work period that entitled them to the partial public safety exemption under 29 U.S.C. § 207(k).

## FOURTEENTH DEFENSE

Plaintiffs do not have sufficient commonality with respect to questions of fact and law to proceed with their claims.

**JURY DEMAND**

Defendants demand a jury trial on all issues so triable.

>Respectfully submitted,
>
>DEFENDANTS,
>
>By their attorneys,
>
>MURPHY, HESSE, TOOMEY & LEHANE, LLP
>
>By:   /s/  Michael F.X. Dolan, Jr.
>   Michael F.X. Dolan, Jr.,BBO #565876
>    mdolan@mhtl.com
>   Thomas W. Colomb, BBO # 638211
>    tcolomb@mhtl.com
>   300 Crown Colony Drive, Suite 410
>   Quincy, MA 02269-9126
>    (617) 479-5000