UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICK AMBROSE, and others,<br>                             Plaintiffs<br><br>v.<br><br>TOWN OF DANVERS<br>                             Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-10329 MBB |

PARTIES' INITIAL STIPULATION

The parties stipulate for purposes of this action only based on the Complaint and Answer as follows:

1. Plaintiffs allege in paragraph 13 and 14 of their Complaint that pursuant to the applicable Collective Bargaining Agreement, they are entitled to receive annual payments for longevity based on years of service.

2. The parties stipulate for purposes of this action only that the Town does not include a plaintiff's longevity pay in his/her "regular rate of pay" within the meaning of 29 U.S.C. §207(e), when calculating his/her overtime pay.

3. Plaintiffs allege in paragraph 15 that plaintiffs on regular night duty receive a night shift differential equal to nine percent (9%) of their regular weekly base salary.

4. The parties stipulate for purposes of this action only that the Town does not include a plaintiff's night shift differential in his/her "regular rate of pay" within the meaning of U.S.C. §207(e), when calculating his/her overtime pay.

5. Plaintiffs allege in paragraph 17 that plaintiffs who work as Detectives are paid an annual stipend.

6. The parties stipulate that Defendant Town does not include the Detective's stipend in a Detective's "regular rate of pay" within the meaning of 29 U.S.C. §207(e), when calculating his/her overtime pay.

7. The parties stipulate for purposes of this action only that the Town does not include the EMT stipend paid to a plaintiff certified as an Emergency Medical Technician in his/her "regular rate of pay" within the meaning of 29 U.S.C. §207(e), when calculating his/her overtime pay.

8. The plaintiffs allege in paragraph 26 that some plaintiffs receive base salary add-ons for associate's degrees, baccalaureate's and master's degrees in law enforcement pursuant to G.L. c.41, §108L.

9. The parties stipulate for purposes of this action only that the Town does not include such base salary add-ons in an eligible plaintiff's "regular rate of pay" within the meaning of 29 U.S.C. §207(e) when calculating his/her overtime pay.

10. Plaintiffs allege in paragraphs 21, 22 and 23 of their complaint that they are required to attend two training sessions per month, are paid at his/her applicable time and one half rate for such time in excess of two (2) hours, as that pay for training sessions are is not included in his/her "regular rate of pay" within 29. U.S.C. §207(e) when calculating his/her overtime pay.

11. The parties stipulate only that the Town does not include any pay for training sessions in plaintiffs' "regular rate of pay" within the meaning of 29 U.S.C. §207(e) when calculating their overtime pay.

| | |
|---|---|
| TOWN OF DANVERS<br>by its attorney | PATRICK AMBROSE AND OTHERS<br>by their attorneys |
| /s/Michael F. X. Dolan, Jr., Esq.<br>Michael F.X. Dolan, Jr.<br>BBO# 565876<br>mdolan@mhtl.com<br>MURPHY, HESSE, TOOMEY & LEHANE<br>300 Crown Colony Drive<br>4th Floor<br>Quincy, MA 02169<br>(617) 479-5000 | /s/Paul T. Hynes, Esquire<br>Paul T. Hynes, Esq.<br>BBO# 545952<br><br>/s/John F. McMahon, Esquire<br>John F. McMahon, Esquire<br>BBO # 338360<br>angoff@gis.net<br>ANGOFF, GOLDMAN, MANNING,<br>   WANGER & HYNES, P.C.<br>45 Bromfield Street – 8th Floor<br>Boston, MA 02108<br>(617) 723-5500 |

Dated: September 12, 2005